SANKEY, Respondent, v. UNITED MERCANTILE AGENCY
et al (Cutting, Appellant.)

(167 N. W. 493.)

(File No. 3766.   Opinion filed May 13, 1918.)

1.  Appeals — Error — Corporate Stock Purchase — Damages For
Fraud—Changing Complaint, Rescission to Damages, After
Proofs In—Estoppel to Claim Error, After Compelling Elec-
tion.

Where, in a suit for damages for false representations by
defendant concerning value of corporate stock purchased by
plaintiff, it not being clear whether the complaint was drawn
upon theory of rescission or for damages for tort based upon
such representations, trial court at close of all evidence sus-
tained defendant's motion requiring plaintiff to elect whether
he should seek to recover for rescission or for damages for
wrongful representations, and plaintiff elected to seek to re-
cover on the latter theory, held, that after compelling such
election, defendant can not complain of the change in form of
action.

2.  Damages—Corporate Stock Purchase—Damages For False Rep-
resentations—Measure of Damages, Actual Value, and Value
if as Represented, at Time.

The measure of damages under a corporate stock purchase,
for false representations concerning its value, is the difference
between its actual worth, not when the false representations
were discovered, but at the time of making of such represen-
tations, and what it would then have been worth had the rep-
resentations been true.

3.  Damages—Corporate Stock Purchase—Damages For False Rep-
resentations—No Change in Value Later—Instruction re
Value When Fraud Discovered, Whether Error.

There being no evidence of change in value of corporate
stock sold to plaintiff, between date of making alleged false
representations by defendant as to its value, and date of dis-
covery of the fraud, while the evidence showed that the stock,
if as represented, was presumptively equal in value to the
contract price paid, as instruction that the measure of dam-
ages was the difference between the amount paid less actual
value at time of discovery of the fraud, was not prejudicial.

Whiting, P. J., and Gates, J., dissenting in part.

Appeal from Circuit Court, Beadle County.   Hon. ALVA E.
TAYLOR, Judge.

Action by J. L. Sankey, against the United Mercantile
Agency and Fred H. Cutting, to recover damages for false rep-

resentations concerning corporate stock purchased.    From a judgment for plaintiff, and from an order denying a new trial, defendant Cutting appeals.    Affirmed.

*A. W. Wilmarth,* and *Crawford & Warren,* for Appellant.
*Null & Royhl,* for Respondent.

(2) To point two of the opinion, Appellant cited:   Civ. Code, Sec. 2305; Western Twine Co. v. Wright, (S. D.) 78 N. W. 942; Auttman Co. v. Ferguson, 8 S. D. 459; Roberts v. Halliday, 10 S. D. 576; Klaveners v. Freese, (S. D.) 145 N. W. 564; Gunderson v. Havana-Slyde Mining Co (N. D.) 133 N. W. 554; Beare v. Wright, (N. D.) 103 N. W. 632.

Respondent cited: Civ. Code, Secs. 2312, 2329; Rockefeller v. Merritt, 35 L. R. A. 633; Stratton Ind. v. Dines 68 C. C. A., 161; Hansen v. Hellie, (Minn.) 120 N. W. 341; Smith v. Bowles 132 U. S., 125; Roberts v. Holliday, 10 S. D., 576.

McCOY, J.  Plaintiff brought this action to recover from defendants the sum of $5,000 damages alleged to have been suffered by him by reason of the purchase of 250 shares of the capital stock of the defendant United Mercantile Agency.  The defendant Cutting was one of the soliciting agents of the mercantile agency, who, as plaintiff claims, by false and fraudulent statements, induced plaintiff to subscribe for said shares of capital stock.  The trial of the cause resulted in a verdict and judgment in favor of plaintiff for the sum of $3,540.30, from which judgment the defendant Cutting appeals.

[1] It is first alleged by appellant that the court erred in overruling an objection to the introduction of any testimony under the complaint because it did not state facts sufficient to constitute a cause of action and also in permitting plaintiff to change the form of action, at the close of all the testimony. While we are of the view that the complaint states facts sufficient to constitute a cause of action, it is not clear whether the complaint was drawn on the theory of rescission or for damages for tort based on alleged false and fraudulent representations. At the close of all the testimony the defendant moved that the plaintiff be put to an election of his remedy and choose whether he should seek to recover in an action on rescission or for rescission or to recover damages shown to have been sustained by him on account of alleged wrongful representations of the defend-

ant. Upon such motion being made the plaintiff elected and asked to be permitted to recover from the defendant Cutting damages for false representations; and the case was thereupon submitted to the jury upon that theory. We are therefore of the opinion that the defendant, having compelled plaintiff to make such an election, is not now in a position to complain of the change in the form of action, and we shall consider this case purely from the standpoint of a tort action to recover damages for alleged false and fraudulent representations.

It was alleged in the complaint that the appellant falsely and fraudulently represented and stated to plaintiff that said shares of stock were being offered and sold at $20 per share; and that the money so realized from such sales was being paid to the treasurer of said agency to constitute its capital stock; and that as a further inducement to plaintiff to make such subscription said defendant falsely and fraudulently represented and stated to him that said agency had purchased and then owned all the business assets and good will of the Pacific Coast Mercantile Agency, an agency with headquarters at San Francisco, doing a large and profitable business as a mercantile agency; and that plaintiff confided in the integrity of said appellant, and, fully believing the representations and statements made by him to be true, and without any knowledge or suspicion on his part that such representations were false or untrue, did subscribe for 250 shares of the capital stock of said United Mercantile Agency at the price of $20 per share, and did pay therefor to said Mercantile Agency the sum of $5,000.

[2, 3] It appeared from the evidence that only a portion of the money subscribed for shares was paid into the treasury of the defendant Mercantile Agency as capital stock, the other portion being used to pay expenses of promotion; it also appears that the said defendant Mercantile Agency never purchased and never owned the said Pacific Coast Mercantile Agency. These were the false and fraudulent representations claimed by respondent and for which he seeks to recover damages in this action. The jury was instructed that plaintiff was entitled to recover what the evidence shows he had actually lost, and that the measure of damage was the amount he paid for the stock, with interest, less the actual value of the stock at the time he discovered

the fraud. While we are of the view that this instruction was wholly erroneous and does not correctly state the rule or measure of damages applicable to the facts of this case, we are, however, of the view that the instruction was just as favorable to appellant as would have been the correct instruction, and therefore appellant has been in no manner prejudiced by this instruction. The measure of respondent's damage under the circumstances and theory of this case is the difference between what the stock in question was actually worth and what it would have been worth if it had been as represented. There is evidence in this case to the effect that the contract price of said stock was $20 per share, and it is reasonable to infer or presume therefrom that if said stock had been as represented, it would have been worth at least the contract price, and, respondent having paid cash for the stock subscribed for by him, his loss would be the same whether it was based upon the difference between its actual worth and what it would have been worth if it had been as represented, or whether it was based upon the difference between its actual worth and what he paid for it. From this it necessarily follows that appellant by reason thereof has suffered no prejudice by that part of the instruction. The instruction also stated that the value of the stock should be determined as of the time when respondent first discovered the fraud. We are of the view that this statement is incorrect. The general rule seems to be that the value in such cases should be determined as of the time the transaction took place, that is, at the time the fraudulent representations were made; but from the evidence in this case it appears that all the facts and circumstances bearing upon the question of the value of the stock in question existed at the time respondent subscribed for said stock the same as they existed at the time he discovered the fraud, and that there is no reason or evidence from which to infer that the value of this stock was any different at the time respondent discovered the fraud from what it was at the time the representations were made. We are of the view, therefore, that appellant, taking the instructions as a whole, was in no manner whatsoever prejudiced by the giving of this instruction.

Having considered all assignments of error, and finding no

prejudicial error, the judgment and order appealed from are affirmed.

WHITING, P. J. (dissenting). . I am of the opinion that the evidence was sufficient, under instructions that might rightfully have been given, to sustain the verdict herein. I am, however, of the opinion that certain evidence, very prejudicial to defendant, was erroneously admitted, and also that, under the instructions given, the evidence was insufficient to support the verdict. I cannot agree with the majority in what they hold to be the proper measure of damages in this case.

GATES, J. While concurring in the result reached in the majority opinion, I concur in what the Presiding Judge says as to the measure of damages.